IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALERIE SUE GRAHAM,                    )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )      Civil Action No. 21-1334
                                       )
KILOLO KIJAKAZI,[1]                    )
*Acting Commissioner of Social Security*, )
                                       )
            Defendant.

ORDER

AND NOW, this 18th day of October 2022, upon consideration of Defendant's Motion

for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on March 16, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

11) filed in the above-captioned matter on February 14, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED insofar as she seeks

remand for further administrative proceedings. Accordingly, this matter is hereby remanded

pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    Background

Plaintiff applied for disability insurance benefits ("DIB") pursuant to Title II of the Social

Security Act ("Act"), 42 U.S.C. § 401, *et seq.*, on July 10, 2019. (R. 15). Therein, she alleged

disability beginning August 4, 2018. (*Id.*). After her application was initially denied, she sought

and received a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). The ALJ also found

---

[1]    Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil
Procedure 25(d). This substitution has no impact on the case. 42 U.S.C. § 405(g). The Clerk is
directed to amend the docket to reflect the substitution.

Plaintiff to not be disabled under the Act.  (R. 26).  Plaintiff sought review of the ALJ's decision

before the Appeals Council ("AC"), but the AC denied her request for review.  (R. 1).

Resultantly, the ALJ's decision became the Social Security Administration's ("SSA") final

decision in this matter.  20 C.F.R. § 404.981.  Before the Court, Plaintiff has argued that the

ALJ's decision is unsupported by substantial evidence and therefore cannot be affirmed.

## II.    Standard of Review

The Court reviews an ALJ's disability determination for substantial evidence.  *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1152—54 (2019).  The threshold for substantial evidence is "not

high."  *Id.* at 1154.  It demands only "such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion."  *Id.* (citations omitted).  Though deferential, the standard of

review applied to an ALJ's decision "is not toothless."  *Nelson v. Kijakazi*, No. CV 21-234, 2022

WL 4082102, at *1 n.2 (W.D. Pa. Sept. 6, 2022).  It requires "sufficient development of the

record and explanation of findings to permit meaningful review."  *Jones v. Barnhart*, 364 F.3d

501, 505 (3d Cir. 2004).  The ALJ's decision ought to be "as comprehensive and analytical as

feasible . . . so that a reviewing court may know the basis for the decision."  *Cotter v. Harris*, 642

F.2d 700, 705 (3d Cir. 1981) (citation omitted).

ALJs employ a five-step sequential evaluation to determine disability.  20 C.F.R.

§ 404.1520; *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).  Accordingly, an ALJ considers

"in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an

impairment that meets or equals the requirements of a listed impairment, (4) can return to his or

her past relevant work, and (5) if not, whether he or she can perform other work."  *Roberts v.*

*Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations

omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v).  If the claimant is neither able to return to past

relevant work, nor adjust to other available work, then the claimant will be found to be disabled

under the Act.  *Plummer*, 186 F.3d at 428 (citations omitted).

### III.    The ALJ's Decision

In this matter, the ALJ found that Plaintiff's date last insured ("DLI") was December 31,

2019, and that she had not engaged in substantial gainful activity from her alleged onset date—

August 4, 2018—through the DLI (hereinafter "the relevant period").  (R. 17).  Next, the ALJ

found there were seven severe, medically determinable impairments that affected Plaintiff during

that time: migraine headache, hearing loss, osteoarthritis, post-concussive syndrome, post-

traumatic stress disorder (PTSD), depression, and anxiety.  (*Id.*).  At step three, the ALJ found

that none of Plaintiff's impairments met or equaled the criteria for an impairment listed at 20

C.F.R. Part 404, Subpart P, Appendix 1.  (R. 18).

Having found the evidence did not support a step-three determination in Plaintiff's favor,

the ALJ moved to step four where, to assess Plaintiff's ability to return to past work, she first

needed to formulate Plaintiff's residual functional capacity ("RFC").  (R. 19).  In her decision the

ALJ explained how Plaintiff's allegations, her daily activities, the objective medical evidence,

and medical opinion evidence informed the RFC determination.  (20—24).  Ultimately, the ALJ

found that Plaintiff could sustain light work but added, *inter alia*, that she could not tolerate more

than moderate levels of noise, must not "work with bright or flickering lights," and could not

perform work requiring more than "simple tasks, instructions, and decisions commensurate with

DOT SVP levels 1-2" or more than very limited interactions and changes.  (R. 19—20).  Plaintiff

could not return to her past work as an occupational therapist with this RFC, but the ALJ found

at the fifth and final step of the evaluation that Plaintiff could work in other unskilled

occupations.  (R. 24—25).  Relying on vocational expert ("VE") testimony, the ALJ found that

appropriate alternative occupations corresponded to over 200,000 jobs in the national economy. (R. 25).  Therefore, Plaintiff was found to not be disabled under the Act.  (R. 25—26).

IV.    **Legal Analysis**

Plaintiff has raised two challenges to the ALJ's decision.  First, Plaintiff argues that the ALJ erred in her evaluation of the medical opinion evidence.  Second, Plaintiff argues that the ALJ failed to account for her long work history in the assessment of Plaintiff's testimony.  As explained herein, remand is necessary for further consideration of the medical opinion evidence.[2]

For applications filed on or after March 27, 2017, 20 C.F.R. § 404.1520c dictates how an ALJ must "consider medical opinions and prior administrative medical findings" that are part of a claimant's record.  *Id.* § 404.1520c(a).  Pursuant thereto, "an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source.'"  *Miller v. Kijakazi*, No. CV 20-1148, 2021 WL 3852075, at *2 (W.D. Pa. Aug. 27, 2021) (citing 20 C.F.R.

---

[2]      The Court is unmoved by Plaintiff's secondary argument that the ALJ overlooked her "long work history" and therefore insufficiently credited her testimony.  (Doc. No. 12, pgs. 18—19).  A claimant's "prior work record" is relevant to the ALJ's evaluation of a claimant's representation of his or her symptoms. 20 C.F.R. § 404.1529(c)(3); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984).  However, the SSA has made it clear that an ALJ's evaluation of a claimant's testimony is not an assessment of his or her truthfulness.  SSR 16-3P, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017).  And this Court has explained that "an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on her work history."  *Chute v. Kijakazi*, No. CV 21-877, 2022 WL 4338433, at *1 n.1 (W.D. Pa. Sept. 19, 2022) (citing *Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004)).  The most important thing is that the ALJ considered the claimant's testimony with "a broad view of the record" and supported his or her findings with "substantial evidence."  *Id.* (citing *Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015)).  In this matter, the ALJ considered Plaintiff's work history when she made findings as to Plaintiff's past relevant work as an occupational therapist (R. 24) who met the insured status requirements through December 31, 2019.  (R. 17).  The Court detects no fault in the ALJ's omission of further discussion of Plaintiff's work history from her decision.  Of course, it is left to the agency to determine whether further consideration of Plaintiff's work history is appropriate on remand.

§§ 404.1520c(a), 416.920c(a)).  Instead, ALJs must assess the persuasiveness of medical opinion

and prior administrative medical findings evidence.  *Id.* (citations omitted).  Five factors are

relevant to the ALJ's evaluation of persuasiveness: "1) Supportability; 2) Consistency; 3)

Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with

other evidence in the claim or an understanding of disability policies and evidentiary

requirements, as well as whether new evidence was received after a medical opinion was

rendered."  *Id.* (citations omitted).  Supportability and consistency are the most important factors

and, further, they are the only factors that an ALJ must explicitly address in his or her decision.

*Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).  Only if multiple "opinions are equally

supported and consistent with the record on the same issue but not exactly the same" must the

ALJ "explain how he/she considered the other factors."  *Id.* (citing 20 C.F.R.

§§ 404.1520c(b)(3); 416.920c(b)(3)).

Plaintiff has challenged the ALJ's consideration of medical opinion evidence related to

her mental impairments and related symptoms/limitations.  She argues that opinions offered by

her treating medical sources not only proved her to be more limited than the RFC would suggest,

but also that her impairments qualified her for disability at step three of the five-step evaluation.

Without predicting how further consideration of the medical opinion evidence might affect the

ALJ's step-three or RFC findings on remand, the Court agrees that the ALJ's evaluation of some

of the medical opinion evidence is deficient.[3]

---

[3]     Plaintiff has also challenged the ALJ's finding that the State agency consultants' findings
were generally persuasive.  She argues that the consultants had no opportunity to consider her
treating sources' later opinions and that the ALJ erred insofar as she credited consistency among
the consultants' findings to their persuasiveness without doing the same when there were
consistencies among her treating sources' opinions.  Plaintiff's argument in this regard is about
the persuasive value of the State agency consultants' findings compared to the persuasiveness of
her treating sources' opinions.  Because the Court's order remanding this matter directs

The opinions at issue are those offered by Plaintiff's treating doctors: Dr. Erek Lam, Dr. Lisa Young, and Dr. Ravi Kant with DNP/CRNP Kristen Graziano.  The three opinions offered by these sources all postdated the DLI, with Dr. Lam and Dr. Young completing evaluations in October 2020, and Dr. Kant/Ms. Graziano completing an evaluation in December 2020.  (R. 736, 769, 814).  All three sources opined that Plaintiff would be significantly limited in a work environment, *e.g.*, that her impairments and symptoms would interfere with the ability to work a full workday more than four days/month.  (R. 736, 769, 814).  Dr. Young further opined, among other things, that Plaintiff could not retain instructions.  (R. 767).  And Dr. Kant/Ms. Graziano opined that Plaintiff would be extremely limited in adapting or managing herself; concentrating, persisting, or completing tasks; and understanding, remembering, or applying information.  (R. 812—13).

The ALJ found all three opinions to be not persuasive.  (R. 23—24).  For Dr. Lam, the ALJ explained that the opinion was neither consistent with nor supported by the other evidence of record for the relevant period.  (R. 23).  She further explained that because Plaintiff had not established care with Dr. Lam until after her DLI, Dr. Lam could not be reasonably expected to have provided an opinion that reflected her condition during the relevant period.  (*Id.*).  For Dr. Young's opinion, the ALJ explained that the opinion was unpersuasive because there were internal inconsistencies in the opinion where Dr. Young appeared to indicate "NONE" when asked whether Plaintiff had various limitations but handwrote notes that seemed to indicate significant limitations.  (*Id.*).  For Dr. Kant/Ms. Graziano's opinion, the ALJ explained that the moderate to extreme limitations opined therein were not persuasive because they were "not

_____

reconsideration of certain treating sources' opinions, the Court will leave it to the agency on remand to determine whether and to what extent that reconsideration might affect the relative persuasiveness determination for the consultants' findings.

consistent with or supported by the medical evidence of record prior to the date last insured."
(R. 24).  The ALJ further explained that though Plaintiff had been their patient prior to the DLI,
the opinion was not persuasive because it was authored "almost a full year" after the DLI and it
therefore did not provide "an opinion as to the claimant's earlier issues."  (*Id.*).

The Court finds no fault in the ALJ's evaluation of Dr. Lam's opinion.  Dr. Lam saw
Plaintiff for the first time after the relevant period, and while Dr. Lam indicated that Plaintiff's
limitations started in May 2019, there was no accompanying explanation for that aspect of the
opinion.  (R. 736).  Thus, the ALJ's explanation for her rejection of Dr. Lam's opinion satisfies a
reasonable mind.  However, the same is not true of the ALJ's explanation for finding Dr.
Young's opinion to be unpersuasive.  In addition to finding Dr. Young's opinion to be internally
inconsistent, the ALJ explained that the opinion was unpersuasive because it was "rendered after
the date last insured, and it is unclear of whether it sheds light on the claimant's ability to
function during the relevant period."  (R. 24).  Assessing Dr. Young's opinion thus, the ALJ
failed to acknowledge the part of Dr. Young's opinion wherein she indicated that Plaintiff's
limitations had been present since June 18, 2013.  (R. 769).  Dr. Young treated Plaintiff before
and during the relevant period (R. 767), so her opinion that Plaintiff's limitations began before
the relevant period and had affected Plaintiff since that time are not obviously unfounded.
Because the ALJ glossed over this component of Dr. Young's opinion wherein Dr. Young
established a connection between Plaintiff's limitations and the relevant period, the Court will
order remand.  *See Cotter*, 642 F.2d at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir.
1980)) ("[I]t is apparent that the ALJ cannot reject evidence for no reason or for the wrong
reason.").

The ALJ's assessment of Dr. Kant and Ms. Graziano's opinion is similarly flawed.  Like Dr. Young, Dr. Kant and Ms. Graziano indicated that it was their opinion that the date of onset for the significant limitations they opined for Plaintiff was June 18, 2013.  (R. 814).  When the ALJ dismissed their opinion because it was authored a year after Plaintiff's DLI, she did not clearly indicate whether she had considered the opined onset date.  The ALJ also appears to have overlooked Dr. Kant and Ms. Graziano's opinion that Plaintiff's mental disorder was "serious and persistent" such that it did effect "marginal adjustment meaning the patient has minimal capacity to adapt to changes in their environment or demands that are not already part of their daily life[.]"  (R. 813—14).  When the ALJ considered whether Plaintiff's impairments met or equaled the criteria for any of the presumptively disabling mental impairments listed in the regulations, she remarked that "[t]here is no evidence of marginal adjustment, defined as the minimal capacity to adapt to changes in the claimant's environment or to demands not already part of [her] daily life."  (R. 19).  Dr. Kant and Ms. Graziano's opinion—even if rendered only by a checkmark next to a "Yes" (R. 814)—contradicts the ALJ's remark that there was "no evidence" of marginal adjustment in the record.  (R. 19).[4]

## V.    Conclusion

Based on the foregoing, the Court has determined that the ALJ's explanation for her consideration of the opinion evidence does not permit a finding that the decision is supported by substantial evidence.  Accordingly, the Court will order remand for further proceedings consistent with this order.

s/ Alan N. Bloch
United States District Judge

---

[4]    Even if a checkmark next to a "Yes" is "weak evidence at best," *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993), it is relevant evidence that may not be ignored.

ecf:    Counsel of Record